1999 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 1999–1.**

**No. 1999–1.**

Oklahoma Judicial Ethics Advisory Panel.

April 1, 1999.

■

1999 OK JUD ETH 3

**JUDICIAL ETHICS OPINION 1999–3.**

**No. 1999–3.**

Oklahoma Judicial Ethics Advisory Panel.

Decided April 1, 1999.

Filed: May 12, 1999.

¶ 1 QUESTION: **Is a Judge required to recuse when an attorney appearing be-**

fore the Judge in a contested action previously represented the Judge in a legal manner?

¶2 SPECIFIC FACTS: Some years prior to the attorney appearing before the Court, the attorney represented the Judge in a personal lawsuit. The lawsuit was settled without trial and the Judge has had no further attorney-client relationship with the attorney for a period of over three (3) years.

The attorney who represented the Judge later left the law firm he had been with and joined another firm so the question extends to two law firms as well as to the attorney himself. The attorney who represented the Judge has appeared in a number of contested cases before the Judge and the attorney who requested the recusal acknowledges that in those past cases there has been no showing of prejudice or misconduct on the part of the Judge.

¶3 WE ANSWER: No.

¶4 Canon 3(E)(1): *"A Judge should disqualify himself or herself in a proceeding in which the Judge's impartiality might reasonably be questioned ..."*

¶5 Canon 2(B): *"A Judge should not allow family, social, political or other relationships to influence the Judge's conduct or judgment ... nor should a Judge convey or permit others to convey the impression that they are in a special position to influence the Judge."*

¶6 There are no provisions in the Code of Judicial Conduct requiring disqualification in the fact situation presented in the question. We must emphasize, however, that the answer is based on the specific facts and other considerations might require a different answer. Certainly a Judge should recuse without motion where one of the attorneys is presently representing him in a personal legal matter. The Judge should probably recuse where the representation by one of the attorneys is somewhat current, perhaps a year since the representation. We must also emphasize that a Judge should disqualify, as set out clearly in the Canons, where there may be the *appearance* of impartiality as viewed by a reasonable person.

¶7 It is stated in the Federal Compendium of selected opinions, v. 41, paragraph 3.4–8(c), that where there is no existing or continuing attorney/client relationship, recusal is not required because the attorney previously represented the Judge; the answer would be the same where the attorney or the attorney's firm previously represented a minor child of the Judge.

¶8 The question was raised in *McKeague v. Talbert, 3 Haw.App. 646, 658 P.2d 898 (1983).* The Court stated that "... the mere fact that a judicial officer was formerly represented by a law firm presently appearing before a him would not, per se, require disqualification based on appearance of impropriety." The Court distinguished the question from other situations where a Judge disqualified because of personally ongoing relationships with an attorney appearing before the Judge.

¶9 A Judge must advise of any past representation or any relationship with one of the attorneys before him that might be perceived as a basis for recusal.

¶10 In summary, in the facts set out above the Judge is not required to disqualify; however, the main concern is the question of possible perception of judicial prejudice.

¶11 We agree with the Arizona Judicial Ethics Advisory Committee which stated in Arizona Advisory Opinion 95–11, that a policy requiring Judges to disqualify themselves simply because of prior professional relationships with attorneys would be burdensome upon the judiciary, particularly in rural areas where there are few Judges and Judges know many of the litigants and lawyers.

¶12 ADOPTED this 1st day of April, 1999.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary